RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/12/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| SHEILA MAE CHELETTE,<br>    Appellant | CIVIL ACTION<br>1:11-cv-1860 |
| VERSUS | |
| U.S. COMMISSIONER OF SOCIAL<br>SECURITY,<br>    Appellee | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Sheila Mae Chelette ("Chelette") filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") on July 8, 2009, alleging a disability onset date of June 15, 2005 (Tr. pp. 105, 109), due to "migraines, seizures, bronchitis, knee problems, diabetes, depression, memory loss" (Tr. p. 146). Those applications were denied by the Social Security Administration ("SSA") (Tr. p. 61).

A de novo hearing was held before an administrative law judge ("ALJ") on April 26, 2010, at which Chelette appeared with her attorney and a vocational expert ("VE") (Tr. p. 33). The ALJ found that, although Chelette suffers from status post-arthroscopic knee surgery, obesity, and chronic headaches (Tr. p. 21), she is a younger individual with a limited education and the residual function capacity to perform the full range of sedentary work (Tr. pp. 20, 27), and therefore, pursuant to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201.25

was not under a disability as defined by the Social Security Act at any time through his decision on August 16, 2010 (Tr. pp. 23-24).

Chelette requested a review of the ALJ's decision, but the Appeals Council declined to review it (Tr. p. 5), and the ALJ's decision became the final decision of the Commissioner of Social Security ("the Commissioner").

Chelette next filed this appeal seeking judicial review of the Commissioner's final decision. Chelette raises the following grounds for relief on appeal:

> 1. The ALJ did not follow agency policy in addressing the evidence which reflects equivalence to Listing 11.03.
>
> 2. The ALJ's finding that the claimant's major depressive disorder fails to qualify as a severe impairment is not supported by substantial evidence, and omission of the claimant's mental restrictions from his finding regarding the claimant's residual functional capacity resulted in improper reliance on the Medical-Vocational Guidelines.
>
> 3. The claimant's allegations of disabling pain and restriction attributable to cluster headaches were improperly rejected without a proper assessment of credibility as required by the regulations.
>
> 4. The decision fails to comply with Social Security Ruling 96-8p, in view of the ALJ's failure to obtain vocational expert testimony despite his specific finding that the claimant's cluster headaches constitute a severe impairment, as defined in 20 C.F.R. § 404.1520©.

In response to Chelette's appellate brief, the Commissioner filed a motion for remand, which Chelette does not oppose (Doc. 14). The Commissioner asks the court to reverse the Commissioner's final decision and remand the case for reconsideration, testimony from a VE, and a new decision pursuant to the fourth sentence of 42

U.S.C. § 405(g), because the ALJ erred in making a residual functional capacity finding that did not reflect limitations from an impairment the ALJ found to be severe.

## Analysis

In <u>Shalala v. Shaefer</u>, 509 U.S. 292, 296-7, 113 S.Ct. 2625, 2629 (1993), the Supreme Court stated the exclusive methods by which district courts may remand to the Commissioner are set forth in sentence four and sentence six of 42 U.S.C. § 405(g), as follows:

> "[4] The district court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing."
>            *         *         *
> "[6] The court may, on motion of the Commissioner made for good cause shown before he files his answer, remand the case to the Commissioner for further action by the Commissioner, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based."

Immediate entry of judgment (as opposed to entry of judgment after post-remand agency proceedings have been completed and their results filed with the court) is the principal feature that

3

distinguishes a sentence-four remand from a sentence-six remand.[1] Shaefer, 509 U.S. at 297, 113 S.Ct. at 2629. Also, Istre v. Apfel, 208 F.3d 517 (5th Cir. 2000).

The Commissioner's motion for remand admits that his final decision is not supported by substantial evidence due to errors in the ALJ's residual functional capacity findings. In order to effect a fourth sentence remand, this court must enter a final, appealable judgment which affirms, modifies or reverses the final decision of the Commissioner. See Istre, 208 F.3d at 519.

Since Chelette seeks to reverse the Commissioner's decision in his appeal and the Commissioner has admitted his final decision is not supported by substantial evidence and warrants reversal, the Commissioner's unopposed motion for a fourth sentence remand should be granted.

## Conclusion

Based on the foregoing discussion IT IS RECOMMENDED that the

---

[1] A sentence six remand may be ordered in only two situations: where the Commissioner, for good cause shown, requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency. Shaefer, 509 U.S. at 297, 113 S.Ct. at 2629, citing Melkonyan v. Sullivan, 501 U.S. 89, 99-100, 111 S.Ct. 2157, 2163-64 (1991). Pursuant to the sixth sentence of 42 U.S.C. § 405(g), the court may at any time order additional evidence to be taken before the Commissioner, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. See Istre, 208 F.3d at 519; Bradley v. Bowen, 809 F.2d 1054, 1058 (5th Cir. 1987); Chaney v. Schweiker, 659 F.2d 676, 679 (5th Cir. 1981).

4

Commissioner's motion for remand (Doc. 14) be GRANTED, the final decision of the Commissioner be REVERSED, and the case be REMANDED, pursuant to the fourth sentence of 42 U.S.C. § 405(g), to the Commissioner of Social Security for further proceedings.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN fourteen(14) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 11th day of June 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE